Arthur Gr. Klein, J.
Application for an order, pursuant to article 78 of the Civil Practice Act, vacating and setting aside respondent Bent and Behabilitation Administrator’s determination that petitioner’s protest from an order of the Local Bent *1095 Administrator (respondent’s predecessor’s hearing agency of original jurisdiction) was not timely filed, is granted to the extent of vacating said determination and remanding the proceeding for hearings at which petitioner shall be afforded an opportunity to appear.
Petitioner formerly owned a rent-controlled rooming house (since demolished) but sold it on or about April 5, 1961 to a third party not here involved. It is undisputed that, at or about that time, petitioner divested himself of all his real estate holdings and relinquished his business office. Shortly prior thereto one of petitioner’s former tenants instituted a proceeding in which he complained of poor service and facilities; and petitioner in his answer stated that he had sold the property to a prominent real estate firm.
There is no record, in the papers submitted herein, of the disposition of said proceeding. Thereafter the aforesaid tenant commenced a proceeding under the then applicable rent control laws and regulations, to fix the maximum rent for the premises occupied by him, as, apparently, said premises had not been previously registered with the respondent’s predecessor nor a maximum registered rental fixed. Notice of this proceeding was mailed to petitioner at his business address as reflected in respondent’s records. On or about March 13,1962 the maximum rental was fixed by order of respondent’s predecessor, which rent was effective retroactively to February, 1959 and which order directed petitioner to refund the “ excess ” rentals collected by him for two years prior to the date of the order, A copy of the order was mailed to petitioner. However, petitioner alleges he never received said order, nor the notice of commencement of the proceeding, by reason of his removal from the premises prior to date of their mailing. Respondent’s records indicate the copy of the order mailed was returned marked “ addressee removed ”. Petitioner alleges that he first learned of the order during an examination before trial in a lawsuit instituted against him by his former tenant for rent overcharges. It may be further noted that there is evidence in the record that the file concerning the registration of the particular apartment herein was not a part of the files containing the registrations for the other rooms in said building.
Petitioner filed a protest from the order on July 23, 1962, 13 days after he claims he first obtained notice of it in the examination before trial. Respondent dismissed it as not timely filed; and in the decision noted that the petitioner had appeared in the local rent office proceeding. The statutory basis for said dismissal was subdivision b of section 92 of respondent’s regula *1096 tions which provides that a protest must be filed within 33 days after an order is issued and section 45 and subdivision a of section 110 thereof which provide that orders (among other papers) shall be deemed served when mailed to the party concerned. Thus, respondent contends, as the order concerned was issued March 13, 1961, and as petitioner did not file his protest until July 23, 1962, the protest is time-barred, as is any review thereof by this court; since subdivision 1 of section 9 of the Emergency Housing Bent Control Laws (L. 1946, ch. 274, as amd.) provides that such judicial review is available only if a petition is filed within 30 days after the denial.
It should be noted that there is no proof in the record to sustain respondent’s contention that petitioner knew of the pend-ency of the proceeding herein concerned. The proceeding in which he filed an answer, while instituted by the same tenant and concerning the same premises, was actually a different proceeding. It was commenced by the filing of one of respondent’s forms entitled ‘ ‘ Tenants Statement of Violations ’ ’, while the form later mailed (but not received) on November 27, 1961 was entitled “ Notice of Commencement of Proceeding to Determine Facts or Fix Maximum Bent”, thus indicating, on its face, that it was a new proceeding. It is not here necessary to discuss whether respondent’s rules, generally, are proper or in accord with the requirements of due process. Bespondent’s citation of cases where the question presented was of the sufficiency of proof of receipt of a notice properly mailed (Unity Estates v. Abrams, N. Y. L. J., June 7,1955, p. 7, col. 8), or the duty of one knowing of the pendency of a proceeding to inquire of its status (Demetriou v. McGoldrick, N. Y. L. J., April 30, 1954, p. 13, col. 5), or the failure to timely file, knowing of an order made (Matter of Tattmall v. McGoldrick, 285 App. Div. 928; Endig v. McGoldrick, N. Y. L. J., Jan. 9,1953, p. 89, col. 1, affd. 282 App. Div. 677), are not controlling. In the instant case there is no proof of notice by the landlord of the proceedings, and there is proof of respondent’s knowledge of petitioner’s sale of the building to a named purchaser. In such circumstances, where the proceeding is instituted after such sale, and where in fact the building itself was demolished before commencement of the proceeding, it would appear that due process requires something more by respondent than a mere reliance upon an old address in its files — at the very least, an inquiry of the known purchaser to ascertain the seller’s address, where, as here, the order was returned marked “ addressee removed There is no proof that petitioner was concealing himself, in fact he was listed in the telephone book.
*1097 As respondent’s review of cases on a protest is both de novo and appellate petitioner should be afforded an opportunity to present his case, at least on the protest level, and to have his “ day in court Accordingly, the order dismissing the protest is vacated, and the matter remanded for a hearing on the merits.